

Shawn J. Wanta
sjwanta@baillonthome.com
t (612) 252-3570
f (612) 252-3571

100 South Fifth Street, Suite 1200
Minneapolis, Minnesota 55402

January 6, 2016

Michael E. Gans, Clerk of Court
Thomas F. Eagleton Courthouse
111 South 10th Street                                                 Via ECF
Room 24.329
St. Louis, MO 63102

**Re:**    *In re Life Time Fitness, Inc., Telephone Consumer Protection Act (TCPA) Litigation*, **Court File No. 15-3976**

Dear Mr. Gans:

I represent appellees and am Class Counsel in the above matter. Appellant Lindsey Thut has informed this Court that she is *pro se*, and this Court has indicated that it will apply the *pro se* rules to her appeal. Ms. Thut is not *pro se*.

Ms. Thut has signed her Notice of Appeal as a "*pro se*" litigant; she made the same representation to the district court. Because the pleadings of *pro se* litigants are given a less stringent reading than those drafted by an attorney, the Court can require the pleadings to be signed by the attorney who drafted them. *Ellis v. Maine*, 448 F.2d 1325, 1328 (1st Cir. 1971). In *Duran v. Carri*s, 238 F.3d 1268 (10th Cir. 2001) the Tenth Circuit held that participation by an attorney in drafting an otherwise *pro se* appellate brief is per se substantial legal assistance, and must be acknowledged by signature.

Enclosed with this letter are three documents confirming that Ms. Thut is represented in this matter by at least three different lawyers from three different law firms. First, attached as Exhibit A, is a retainer agreement between her and Christopher Bandas of the Bandas Law Firm in Corpus Chriti, Texas showing that Mr. Bandas is her attorney in this matter. Second, attached as Exhibit B, is Ms. Thut's signed objection in this matter wherein she states that she is represented in this matter by the Bandas Law firm and her father's law firm Roach Johnston & Thut in Libertyville, IL. Finally, attached as Exhibit C, are excerpts of her deposition in this matter wherein she testified that she is represented by Christopher Bandas and Wade T. Howard of Liskow & Lewis in Houston, TX. It



is my understanding that none of her three lawyers are admitted to practice before this Court. *See id*. 1, 5:1–2, 17:15–16.

The appellees respectfully request that the Court apply the rules governing appellants who are represented by counsel to Ms. Thut. Further, the appellees respectfully request that you order Ms. Thut's attorneys to notice their appearances in this matter. If a formal motion is required, we are happy to submit one. Thank you for your consideration.

                Very truly yours,

                s/ Shawn J. Wanta

                Shawn J. Wanta

Enclosures

cc: Counsel of Record via ECF
    Lindsey Thut via U.S. Mail

# Exhibit A

# CLASS ACTION OBJECTOR
# POWER OF ATTORNEY AND CONTINGENT FEE AGREEMENT

This agreement ("Agreement") is made between <u>Lindsey Thut</u> ("Client(s)" or "you") and **BANDAS LAW FIRM, P.C.** (hereinafter "Attorneys" or "BLF").

In consideration of the mutual promises contained herein, Client(s) and Attorneys agree as follows:

1. **SCOPE AND METHOD OF REPRESENTATION**

    1.1 **Attorneys' Legal Services.** You agree Attorneys will: Prepare and file on your behalf an objection to proposed class action settlements in the following matter and represent you in any appeal therefrom (the "Objection"): *In re: Life Time Fitness, Inc., Telephone Consumer Protection Act (TCPA) Litigation*, Case No. 14-md-02564 (JNE-SER), MDL No. 2564; In the United States District Court District of Minnesota..

    1.2 **Method of Representation.** BLF is a Texas law firm located at 500 N. Shoreline, Suite 1020, Corpus Christi, Texas 78401, (361) 698-5200. Our lawyers are licensed in Texas and in certain federal courts. However, if necessary, Attorneys will seek admission before the Court *pro hac vice* and/or as required by the applicable federal and/or state and/or local rules of practice applicable this litigation and/or will seek to associate local counsel in order to effectuate this representation in compliance with any such rules. Client authorizes that Attorneys prepare any Objection(s) for filing with the Court and, if necessary, any appeals therefrom.

    1.3 **Purpose of Representation:** As a member of the above referenced class, your legal rights are affected by the proposed settlement in that case. As a class member, you have the right to comment and object to the proposed settlement as prescribed by the Court in the notice of proposed class action settlement and Rule 23 of the Federal Rules of Civil Procedure. As a class member, you have the right to seek legal advice and have a lawyer represent you with respect to making any comments or objections to the proposed settlement. You acknowledge that, prior to the execution of this agreement, you contacted me seeking legal advice about your rights and options as a class member. You further acknowledge the following: (1) that you were not solicited by me or any other lawyer; (2) you have not been paid or promised any money, incentive or any other consideration to assert your rights as a class member with an interest in the proposed settlement; and (3) you authorize the disclosure of this fee agreement to the Court or any counsel in the case if requested.

    1.4 The scope of our representation is limited. Although we will craft the legal arguments used in your objection, and handle the logistics of filing the objection, Bandas Law Firm will not make an appearance in the district court and your objection will be submitted without oral argument at the fairness hearing. You understand and agree that this might affect the chances that the district court will approve a settlement or fee request over your objection. In the event of

Appellate Case: 15-3976    Page: 4    Date Filed: 01/06/2016 Entry ID: 4353264

adverse decisions that we believe raises meritorious appellate issues, we will file a notice of appeal on your behalf, and either make an appearance or retain an attorney to make an appearance in appellate proceedings.

2. YOUR REPRESENTATIONS AND DUTIES AS AN OBJECTOR

   2.1   You represent that you are a member of the proposed settlement class based upon your review of the class definition contained in the class notice you have reviewed at the following website: www.lifetimetcpasettlement.com.

   2.2   If requested, you represent you can demonstrate you are a member of the settlement Class through documentation or by affidavit.

   2.3   In return for your agreement and representations made herein, attorneys agree that no settlement or resolution will be made of your objection or any appeal therefrom without your prior approval and you shall retain the right to determine whether to proceed with this objection or any appeal therefrom, including the right to approve any settlement or resolution of same.

3. ATTORNEYS' FEES, EXPENSES AND PAYMENTS TO YOU

   3.1   **Class Action Settlement:** If the proposed class action settlement is approved by the Court, you will receive the full amount of any benefits you are entitled to receive under the settlement as a class member (If a Claim is required you will usually need to file a claim to receive benefits; Attorneys may assist you in filing a claim, but they are not required to do so). Attorneys shall not be entitled to receive any portion of your share of the benefits under the class settlement and have no interest in any benefits you may be entitled to receive as a class member. You understand that by objecting to this particular settlement you may make your receipt of benefits under this particular settlement less likely in the event a court rejects the settlement based upon the arguments asserted by Attorneys on your behalf.

   3.2   **Incentive Award or Payment:** Attorneys may petition the Court for a payment to you, or may ask class counsel or defendant(s) to make a payment to you, in recognition of your service as an objector and/or for other factors related to your service as an objector. This is referred to herein as an Incentive Award or Incentive payment. You understand any incentive award or payment sought will never exceed $5,000. You understand that it cannot be determined with certainty in advance whether you will qualify for an incentive payment or award at all. You understand that Attorneys must follow all applicable laws and rules (including but not limited to seeking court approval, if applicable) as it may apply to incentive payments and awards, and such laws and/or rules may prevent or limit Attorneys' ability to obtain such an incentive award or payment for you. No incentive award or payment has been promised to you, and your service as an objector in this case is not conditioned on your receipt of any incentive payment or award. In the event an

incentive award or payment is not made, you will receive only the benefits set forth in section 3.1, if any.

    3.3    **Attorneys' Fees**: You will not be responsible to pay attorneys' fees or expenses of any kind. Attorneys are not sharing any portion of your recovery under paragraphs 3.1 or 3.2 above, if any, and Attorneys have no contingent interest in your recovery under paragraphs 3.1 and 3.2 above. Attorneys are not sharing, and cannot share, any attorneys' fees they might earn in this case with you. You agree Attorneys may seek and/or receive a fee for their services if they are successful in pursuing an objection to the class settlement or any appeal therefrom if agreed to by opposing counsel and/or awarded by the Court, subject to applicable rules and laws. The attorneys' fees will be paid by the defendants and/or as part of the attorneys' fees awarded to class counsel and/or by award of the Court, and never from your portion of any recovery or settlement under paragraphs 3.1 or 3.2. You acknowledge you do not have any interest in any such fees, if any. You further acknowledge the attorneys' fees may substantially exceed any awards or payments to you as set forth above in Paragraphs 3.1 through 3.2.

4.    CONFLICTS OF INTEREST

Attorneys have explained and you understand that, if successful, the objection or any appeal there from may result in the disapproval or rejection of the proposed settlement which may, in turn, cause you to lose your right to receive settlement benefits under the proposed settlement, to which you object. You acknowledge and agree to this risk and waive any conflict of interest arising from the objection or any appeal therefrom.

5.    ADMINISTRATIVE MATTERS

    5.1    **Termination**: Attorneys reserve the right to withdraw from this matter if you fail to honor this Agreement or for any reason permitted or required under the rules of the court or state in which the class action is pending.

    5.2    **Association of Co-counsel:** Attorneys may associate lawyers apart from those with Bandas law Firm, P.C. to assist in representing you if, before any association becomes effective, you agree in writing to the terms of the arrangement including (1) the identity of all lawyers or law firms involved, (2) whether fees will be divided based on the proportion of services performed or by lawyers agreeing to assume joint responsibility for the representation, and (3) the share of the fee each lawyer or law firm will receive, or if the division is based on the proportion of services performed, the basis on which the division will be made.

.

    5.3    **No Guaranty of Results:** Attorneys will use their best efforts in representing you in this matter, but we cannot guarantee the outcome of any given matter. You acknowledge Attorneys have made no promises or guarantees concerning the outcome of this matter, and nothing in this agreement shall be construed as such a promise or guarantee.

Power of Attorney and Contingency Fee Agreement- Page 3

Appellate Case: 15-3976    Page: 6    Date Filed: 01/06/2016 Entry ID: 4353264

**5.4** **Entire Agreement:** This Agreement contains the entire agreement between us regarding this matter and the fees, expenses and payments relative thereto. This Agreement shall not be modified except by written agreement signed by both parties.

I certify and acknowledge that I have had the opportunity to read this Agreement, that I have voluntarily entered into this Agreement fully aware of its terms and conditions, and that I have received a copy of this Agreement.

Signed and accepted on this ___2nd___ day of June, 2015.

**Client(s):**

*Lindsey Thut*
_____
Lindsey Thut


**Attorneys:**

_____
Christopher A. Bandas

# Exhibit B

Lindsey Thut
2700 N. Hayden Road, Apt. #2082
Scottsdale, Arizona 85257


June 4, 2014


Clerk of the Court
U.S. District Court
District of Minnesota
300 South Fourth Street
202 U.S. Courthouse
Minneapolis, MN 55415

Re:  In Re: Life Time Fitness, Inc., Telephone Consumer Protection Act (TCPA) Litigation;
     Case No. 14-md-02564-JNE-SER

Dear Clerk:

This is my objection to the proposed class action settlement in the above case. I am a consumer who received a text message from Life Time Fitness to a cellular telephone through the use of an online texting service from January 1, 2014 through April 15, 2015. At that time my cell phone number was (847) 400-6592, and it was on this number I received the text.

My name, address, telephone number and email:

Lindsey Thut ("Objector")
2700 N. Hayden Road, Apt. #2082
Scottsdale, Arizona 85257
Phone: (847) 400-6592
lindseythut@gmail.com

Objection is made to any requirement to object that is not contained in the notice and/or that is not satisfied herein. Objector does not intend on attending the fairness hearing in person or through counsel. Objector joins the objections of any other objectors or *amici* to the extent those

objections are not inconsistent with this one. Objection is made to any settlement provision that purports to limit the right of class members to object or appeal.

I am represented by and have sought legal advice and assistance in this matter from Bandas Law Firm, P.C., Corpus Christi, Texas (www.bandaslawfirm.com) and Roach Johnston & Thut, Libertyville, Illinois (www.roachjohnstonthut.com) and this document was prepared with the assistance of counsel; no special favor or treatment is requested due to the fact that any document submitted is *pro se*.

I am mailing this objection, as indicated above and below, to the Court and to the attorneys identified.

Objection is made to the requirement that in order to object one must provide "proof of receipt of a text message from Life Time from January 1, 2014 to April 15, 2014." Life Time's own records will reflect text message(s) sent to Objector's phone number. Life Time and Class Counsel should be required to provide all information concerning text messages sent to Objector and request is made for that information to be disclosed to Objector and the Court. In addition, the Declaration of Lindsey Thut, attached hereto as Exhibit A and incorporated herein by reference, should suffice to show class membership. This requirement is calculated to drive down the number and quality of objections and renders the notice and objection process unfair. Also calculated to drive down the number and quality of objections is the threat of a deposition contained in the class notice if one objects. Objection is made to that requirement on the basis that it violates class members' due process rights in general to object to a class settlement. Notwithstanding these objections, Objector is available for a deposition in accordance with the Federal Rules of Civil Procedure.

Objection is made to the proposed request for attorneys' fees and expenses based on both

a lodestar and percentage of recovery analysis.

First, class counsel seeks to value this proposed settlement at $15 million for the purpose of justifying the attorneys' fees and expenses on a percentage of recovery methodology. Specifically, class counsel seeks to justify their proposed award of $4.2 million on the ground that it is "only" 28% of $15 million.

In reality, however, this is not a $15 million settlement. It is an "up to" $15 million settlement. Those are two very different things. The settlement is, in reality, likely to be no more than $10 million, and that amount needs to cover all settlement costs, costs of notice and administration, cash awards and membership awards. If class counsel wishes to justify its fee based on a $15 million number they should be required to wait until all claims data is in and to confirm that $15 million was, in fact, paid out. Short of that, it is unfair to tax the class members based on some hypothetical "up to" number that will likely never get reached. And $4.2 million is not 28% of $10 million (the likely number defendant will actually pay out); it is 42% of $10 million, a grossly excessive percentage.

Second, class counsel is seeking a percentage of money that should not be counted for calculating its fees. Class counsel's fee should be measured not against what the defendant pays out, but what the class actually receives. *See, eg., Redman v. RadioShack Corp.*, 768 F.3d 622, 630 (7th Cir. 2014) (holding that administrative and notice costs should not be included in calculating division between class counsel and the class members), *cert. denied*, 135 S.Ct. 1429(2015).

Third, TCPA class actions do not justify anywhere close to a 6X lodestar. Attached as Exhibit B is the court's opinion in *Rose v. Bank of America*, 2014 WL 4273358 (N.D. Cal. August 29, 2014). Attached as Exhibit C is the report of M. Todd Henderson filed in the Capital

One TCPA case. Exhibits B and C are likewise incorporated herein by reference. As both the *Rose* decision and the Henderson report make clear, TCPA class actions are not high risk litigation to class counsel and do not justify anywhere near a lodestar of 6. Objector contends that anything above a lodestar of 2 would be excessive in this case.

Fourth, and finally, to the extent applicable, objection is made based upon *In re High Sulfur Content Gasoline Prods. Litig.*, 517 F.3d 220, 227 (5th Cir. 2008) (noting the district court's "independent duty ... to ensure that attorneys' fees are reasonable and divided up fairly among plaintiff's counsel").

For these reasons, Objector requests that the Court reject the proposed award of attorneys' fees and expenses.

Respectfully submitted,

*Lindsey Thut*

Lindsey Thut

cc: Shawn J. Wanta
Baillon Thome Jozwiak & Wanta LLP
100 South Fifth Street
Suite 1200
Minneapolis, MN 55402

Aaron Van Oort
Faegre Baker Daniels LLP
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402-3901

# Exhibit C

```
 1            UNITED STATES DISTRICT COURT
                        FOR THE
 2                DISTRICT OF MINNESOTA

 3

 4   In re:  Life Time Fitness, Inc.,   )
     Telephone Consumer Protection Act  )Case No.
 5   (TCPA) Litigation                  )14-md-02564 (JNE-SER)
                                        )
 6   This document relates to:          )
     All Actions                        )
 7                                      )

 8

 9

10

11

12

13            VIDEOTAPED DEPOSITION OF LINDSEY THUT

14                    Scottsdale, Arizona
                       June 24, 2015
15                      3:03 p.m.

16

17

18

19

20

21

22   REPORTED BY:

23   Gary W. Hill, RMR, CRR

24   AZ Certified Court

25   Reporter No. 50812
```

1          MR. HOWARD:  Wade Howard representing the
2     objector, Lindsey Thut, with Liskow & Lewis.
3          THE VIDEOGRAPHER:  Would the certified court
4     reporter please swear the witness.
5
6                       LINDSEY THUT,
7     a witness herein, having been first duly sworn by the
8     Certified Reporter to speak the truth and nothing but the
9     truth, was examined and testified as follows:
10
11                        EXAMINATION
12    BY MR. WANTA:
13       Q.   Good afternoon.  I'm Shawn Wanta.  I am one of
14    Class counsel in this matter.
15          Will you begin by stating your name for the
16    record, please?
17       A.   Lindsey Thut.
18       Q.   Ms. Thut, have you been deposed before?
19       A.   I have not.
20       Q.   I'm sure your attorneys have gone through some of
21    the ground rules with you, but I would like to do a few
22    myself here just to make sure you and I are on the same
23    page.
24          MS. HOFFMAN:  Shawn, this is Erin.  Can I
25    interrupt?  Can you guys speak up or move the phone a

1    Q.   Do you remember the first time you spoke with
2  Mr. Howard?
3    A.   I do not.
4    Q.   Can you say whether it was months ago or weeks
5  ago?
6    A.   Weeks ago.
7    Q.   And Mr. Bandas, when did you speak with him?
8    A.   A few weeks ago.  And more recently.
9    Q.   When was more recently?
10   A.   I can't give you the exact date.
11   Q.   How long in total did you speak with Mr. Bandas?
12   A.   I didn't time it.  I don't know.
13   Q.   Would you say it was hours, minutes?
14   A.   Minutes.
15   Q.   Do you consider Mr. Bandas to be your attorney?
16   A.   Yes.
17   Q.   Did you review any documents supplied by your
18  counsel in preparation for this deposition?
19   A.   I did not.
20   Q.   Are you aware of any documents that might relate
21  to this Life Time Fitness TCPA litigation that you have
22  not given to your attorneys?
23   A.   I am not aware.
24   Q.   Are you aware of any documents that may relate to
25  this litigation that may have been lost or destroyed?

1    A.   No.

2    Q.   Do you know whether your father reviewed this
3  objection before you signed it?

4    A.   I'm not sure.

5    Q.   Did you make any changes to this objection before
6  you signed it?

7    A.   I do not believe I did.

8    Q.   So which law firm mailed your objection to the
9  court?

10   A.   I mailed my objection to the law firm -- or to
11 the court.

12   Q.   How did you do that?

13   A.   Via FedEx.

14   Q.   Who provided you with the shipping label?

15   A.   Chris Bandas.

16   Q.   So the shipping label actually said it came from
17 the Bandas Law Firm, correct?

18   A.   I don't really remember.

19   Q.   So how did that process work?

20   A.   What process?

21   Q.   Well, you submitting these documents to the court
22 and to class counsel and defense counsel.

23   A.   I received them, printed them, FedExed them.

24   Q.   How did you get the FedEx shipping label?

25   A.   Bandas Law Firm sent them to me.

1      Q.   They mailed them to you?
2      A.   No, they sent me copies of them, and I printed
3  them.
4      Q.   So like a PDF you printed at home or at work?
5      A.   At FedEx.
6      Q.   You signed everything, put it in the FedEx drop
7  box, and that was it?
8      A.   Uh-huh.  Yes.
9      Q.   That's also true for the mailings to class
10 counsel, Life Time's counsel, correct?
11     A.   Yes.
12     Q.   Have any of your lawyers said or implied that you
13 aren't getting something as part of the settlement to
14 which you're entitled?
15          MR. HOWARD:  Objection.  It calls for
16 attorney-client privilege.  Don't say anything that your
17 lawyers told you.  So don't answer that question.
18          THE WITNESS:  I'm not going to answer that
19 question.
20 BY MR. WANTA:
21     Q.   Has anybody who is not your lawyer implied that
22 you're not getting something as part of this settlement
23 that you're entitled to?
24     A.   I don't know what you mean by "getting
25 something."

800-545-9668
612-339-0545
Paradigm Reporting & Captioning
www.paradigmreporting.com
#87892

Appellate Case: 15-3976    Page: 18    Date Filed: 01/06/2016 Entry ID: 4353264

```
 1      A.   I do not.
 2      Q.   Do you know whether your father's firm has worked
 3   with the Bandas firm in the past?
 4      A.   I do not know.
 5      Q.   Looking back to paragraph 4, the last sentence,
 6   "No special favor or treatment is requested due to" -- oh,
 7   sorry, let me get you there.  Page 2.
 8      A.   Okay.
 9      Q.   It's that first full paragraph on page 4
10   beginning, "I am represented by."  Do you see that?
11      A.   Yes.
12      Q.   And I'm looking at the last sentence now, and
13   specifically the last part of that sentence after the
14   semicolon stating, "No special favor or treatment."  Do
15   you see that?
16      A.   Yes.
17      Q.   What do you mean by that?
18      A.   I'm not sure.
19      Q.   Are you claiming to submit this objection pro se?
20      A.   I'm not sure.
21      Q.   Do you know what it means to be pro se?
22      A.   I do not.
23      Q.   Did you write that sentence?
24      A.   No.
25      Q.   Did you write any part of paragraph 4?
```