# In the United States Court of Appeals for the Eighth Circuit

## No. 15–3976

---

### IN RE: LIFE TIME FITNESS, INC., TELEPHONE CONSUMER PROTECTION ACT (TCPA) LITIGATION

---

PLAINTIFFS' LEAD COUNSEL;
PLAINTIFFS' EXECUTIVE COMMITTEE,
Plaintiffs–Appellees

LINDSEY THUT,
Objector–Appellant

v.

LIFE TIME FITNESS, INC.,
Defendant–Appellee

---

On Appeal from the U.S. District Court for the
District of Minnesota, No. 14–md–02564
(Honorable Joan N. Ericksen, U.S. District Judge)

---

## BRIEF FOR APPELLANT

---

Howard J. Bashman
2300 Computer Avenue
Suite G–22
Willow Grove, PA 19090
(215) 830–1458

Christopher A. Bandas
BANDAS LAW FIRM, P.C.
500 North Shoreline, Suite 1020
Corpus Christi, TX 78401
(361) 698–5200

Counsel for Objector/Appellant

## I. SUMMARY OF THE CASE

In class actions such as this, a conflict unavoidably presents itself between class counsel and the class over the proper allocation of the settlement proceeds between attorneys' fees and recovery to the class.

The size of the attorneys' fee award that the district court approved for class counsel in this straightforward case was unfairly large, to the prejudice of class members. Even more importantly, the approach that the district court took, relying heavily on the percentage of the benefit method notwithstanding that it resulted in a vastly excessive multiple of class counsel's lodestar amounts, conflicts with the methods that other federal appellate and district courts have used in similar cases.

Because this Court's precedents fail to contain any in–depth examination of what represents a fair and reasonable attorneys' fee for class counsel in a straightforward TCPA case such as this, and because the recent jurisprudence of other courts suggest a greater preference for the lodestar method of attorneys' fee calculation in cases such as this, objector–appellant Lindsey Thut respectfully suggests that this appeal presents important questions for this Court's resolution.

Appellant respectfully requests 15 minutes of oral argument per side.

# TABLE OF CONTENTS

**Page**

I.   SUMMARY OF THE CASE ................................................................i

II.  STATEMENT OF SUBJECT–MATTER AND APPELLATE JURISDICTION ............................................................... 1

III. STATEMENT OF THE ISSUES ON APPEAL ............................... 2

IV.  STATEMENT OF THE CASE ........................................................ 4

V.   SUMMARY OF THE ARGUMENT ................................................ 12

VI.  ARGUMENT ................................................................................. 14

   A. The District Court Approved An Unfairly Excessive Attorneys' Fee Award In Favor Of Class Counsel In This Straightforward TCPA Case, To The Prejudice Of Class Members ................................................................................. 14

     1. Standard of review ................................................................... 14

     2. The district court abused its discretion in failing to calculate class counsel's attorneys' fees based on their lodestar using a multiplier of no greater than two .................. 15

       a. District courts should closely scrutinize fee requests in class actions because of the inherent conflict of interest between class counsel and their clients ................................. 15

       b. Courts have been appropriately awarding only small multiples of a reasonable lodestar in TCPA cases ............... 17

– ii –

c. The district court's misapplication of the percentage of the benefit method in calculating attorneys' fees necessitates a remand for application of the lodestar method as commonly used in TCPA cases ............................ 20

d. Even if the district court permissibly opted to use the percentage of the benefit method for calculating attorneys' fees, the excessive attorneys' fee award in this case constitutes an abuse of discretion .......................... 24

e. Costs of administering the settlement should have been deducted from the total recovery achieved before the district court calculated its percentage of the benefit fee award ................................................... 27

B. The District Court Violated Fed. R. Civ. P. 23(h) In Delegating Allocation Of The Lump Sum Fee Award Amongst The Four Law Firms Serving As Class Counsel ........... 29

1. Standard of review .................................................... 29

2. Rule 23(h) requires a district court to judicially supervise the allocation of a lump sum attorneys' fee award to multiple law firms serving as class counsel ............................ 29

VII. CONCLUSION .................................................................... 33

Appellate Case: 15-3976    Page: 4    Date Filed: 02/22/2016 Entry ID: 4369484

# TABLE OF AUTHORITIES

**Page**

## Cases

*Americana Art China Co.* v. *Foxfire Printing & Packaging, Inc.*,
    743 F.3d 243 (7th Cir. 2014) ....................................................... 2, 17

*Arthur* v. *Sallie Mae, Inc.*,
    2012 WL 4076119 (W.D. Wash. Sept. 17, 2012) ............................ 25

*Bayat* v. *Bank of the West*,
    2015 WL 1744342 (N.D. Cal. Apr. 15, 2015) ............ 3, 17, 22, 24, 26

*Bellows* v. *NCO Fin. Sys., Inc.*,
    2009 WL 35468 (S.D. Cal. Jan. 5, 2009)........................................ 18

*Bridgeport Music, Inc.* v. *WB Music Corp.*,
    520 F.3d 588 (6th Cir. 2008) ......................................................... 22

*Creative Montessori Learning Ctrs.* v. *Ashford Gear LLC*,
    662 F.3d 913 (7th Cir. 2011) ............................................................ 4

*Devlin* v. *Scardelletti*, 536 U.S. 1 (2002).................................................... 1

*Eubank* v. *Pella Corp.*, 753 F.3d 718 (7th Cir. 2014) .............................. 16

*Flynt* v. *Lombardi*, 782 F.3d 963 (8th Cir. 2015) .................................... 29

*Grant* v. *Capital Mgmt. Servs., L.P.*,
    2014 WL 888665 (S.D. Cal. Mar. 5, 2014)....................................... 18

*Grunin* v. *Int'l House of Pancakes*, 513 F.2d 114 (8th Cir.1975)............ 21

*In re "Agent Orange" Prods. Liab. Litig.*,
    818 F.2d 216 (2d Cir. 1987)........................................................ 3, 32

Appellate Case: 15-3976     Page: 5     Date Filed: 02/22/2016 Entry ID: 4369484

*In re Bluetooth Headset Products Liability Litig.*,
654 F.3d 935 (9th Cir. 2011) ........................................................ 16

*In re Diet Drugs Prods. Liab. Litig.*, 401 F.3d 143 (3d Cir. 2005) .......... 31

*In re Dry Max Pampers Litig.*, 724 F.3d 713 (6th Cir. 2013) ................. 15

*In re Genetically Modified Rice Litig.*,
764 F.3d 864 (8th Cir. 2014) .................................................. 14, 23

*In re High Sulfur Content Gasoline Prods. Litig.*,
517 F.3d 220 (5th Cir. 2008) ..................................................... 3, 31

*In re Magsafe Apple Power Adapter Litig.*,
571 F. App'x 560 (9th Cir. 2014) .................................................. 16

*In re Mercury Interactive Corp. Secs. Litig.*,
618 F.3d 988 (9th Cir. 2010) ........................................................ 30

*In re Monosodium Glutamate Antitrust Litig.*,
2003 WL 297276 (D. Minn. 2003) ................................................. 23

*In re UnitedHealth Grp. Inc. S'holder Derivative Litig.*,
631 F. Supp. 2d 1151 (D. Minn. 2009) ........................................... 21

*In re Xcel Energy*, 364 F. Supp. 2d 980 (D. Minn. 2005) ............. 21, 25, 26

*In re Zurn*, 2013 WL 716460 (D. Minn. Feb. 27, 2013) ...................... 21

*Johnson* v. *Ga. Highway Express, Inc.*,
488 F.2d 714 (5th Cir. 1974) ....................................................... 25

*Johnston* v. *Comerica Mortgage Corp.*,
83 F.3d 241 (8th Cir. 1996) ...................................................... 2, 20

*Landsman & Funk, P.C.* v. *Skinder–Strauss Assocs.*,
2015 WL 2383358 (D.N.J. May 18, 2015) .................................... 3, 17

Appellate Case: 15-3976    Page: 6    Date Filed: 02/22/2016 Entry ID: 4369484

*Michel* v. *WM Healthcare Solutions, Inc.*,
　　2014 WL 497031 (S.D. Ohio Feb. 7, 2014) ......................... 18, 24, 25

*Pearson* v. *NBTY, Inc.*, 772 F.3d 778 (7th Cir. 2014)....................... 15, 16

*Perdue* v. *Kenny A. ex rel. Winn*, 559 U.S. 542 (2010) ........................... 21

*Redman* v. *RadioShack Corp.*,
　　768 F.3d 622 (7th Cir. 2014) ..................................................... 16, 28

*Rose* v. *Bank of Am. Corp.*,
　　2014 WL 4273358 (N.D. Cal. Aug. 29, 2014) .......................... 22, 24

*Seigal* v. *Merrick*, 619 F.2d 160 (2d Cir. 1980)...................................... 22

*Vandervort* v. *Balboa Capital Corp.*,
　　8 F. Supp. 3d 1200 (C.D. Cal. 2014) ............................................... 18

*Wilkins* v. *HSBC Bank Nev., N.A.*,
　　2015 WL 890566 (N.D. Ill. Feb. 27, 2015) ...................................... 24

*Yarrington* v. *Solvay Pharms., Inc.*,
　　697 F. Supp. 2d 1057 (D. Minn. 2010)....................................... 25, 26

*Zilhaver* v. *UnitedHealth Grp., Inc.*,
　　646 F. Supp. 2d 1075 (D. Minn. 2009)............................................. 26

## Statutes

28 U.S.C. §1291............................................................................................ 1

28 U.S.C. §1331............................................................................................ 1

47 U.S.C. §227 *et seq.* ............................................................................. 1, 4

47 U.S.C. §227(b)(3)................................................................................ 4, 22

Appellate Case: 15-3976　　Page: 7　　Date Filed: 02/22/2016 Entry ID: 4369484

**Court Rules**

Fed. R. Civ. P. 23(e)(3).................................................................30

Fed. R. Civ. P. 23(h).............................................3, 9, 29, 30, 32, 33

**Other Authorities**

Notes of Advisory Committee on 2003 Amendments to
  Fed. R. Civ. P. 23 ...............................................................30

Vaughn R. Walker & Ben Horwich, *The Ethical Imperative of A*
  *Lodestar Cross–Check: Judicial Misgivings About*
  *"Reasonable Percentage" Fees in Common Fund Cases*,
  18 Geo. J. Legal Ethics 1453 (Fall 2005).......................15

Appellate Case: 15-3976  Page: 8  Date Filed: 02/22/2016  Entry ID: 4369484

## II. STATEMENT OF SUBJECT–MATTER AND APPELLATE JURISDICTION

The trial court possessed subject–matter jurisdiction pursuant to 28 U.S.C. §1331 because the class members' claims arose under a federal statute, the Telephone Consumer Protection Act (TCPA), 47 U.S.C. §227 *et seq.* App.18a.

This Court possesses appellate jurisdiction over objector–appellant Lindsey Thut's appeal pursuant to 28 U.S.C. §1291. The district court's orders approving a $2.8 million attorneys' fee award to class counsel on a $10 million aggregate recovery and entering final judgment were both filed on December 1 2015. App.492a, 501a–05a. The district court also docketed a separate entry of judgment on December 2, 2015. App.506a–10a. Objector Thut filed her timely notice of appeal from the district court's overly generous award of attorneys' fees in favor of class counsel on December 22, 2015. App.511a–13a.

In accordance with the U.S. Supreme Court's ruling in *Devlin* v. *Scardelletti*, 536 U.S. 1 (2002), because objector–appellant Thut registered an objection to class counsel's attorneys' fee request in the manner that the district court specified for objections (App.87a–90a), Thut has the ability to pursue this appeal.

## III. STATEMENT OF THE ISSUES ON APPEAL

1. Whether the district court's award of $2.8 million in attorneys' fees to class counsel in this case, involving a suit whose duration was short and lacked any contested litigation over the merits — thereby compensating each and every single person in class counsel's law firms who billed time to the case, whether partner, associate, or paralegal, at an hourly rate of $1,938.12 and thereby constituting more than 28% of the total recovery obtained by the class (and 3.7 times class counsel's average hourly billing rate) — represented an abuse of discretion, given that other federal appellate and district courts are commonly using the lodestar method with modest multipliers in TCPA cases rather than the overly generous percentage of the benefit approach that the district court utilized here?

*See Johnston* v. *Comerica Mortgage Corp.*, 83 F.3d 241, 246 (8th Cir. 1996) (recognizing that a district court has discretion to award attorneys' fees using the lodestar method when that approach makes more sense in a given case); *Americana Art China Co.* v. *Foxfire Printing & Packaging, Inc.*, 743 F.3d 243, 246 (7th Cir. 2014) (affirming

Appellate Case: 15-3976    Page: 10    Date Filed: 02/22/2016 Entry ID: 4369484

the district court's decision to apply the lodestar method and use a multiplier of 1.5 in a TCPA case); *Bayat* v. *Bank of the West*, 2015 WL 1744342, at *9 (N.D. Cal. Apr. 15, 2015) (applying the lodestar method and finding the proposed multiplier of 2.76 unjustified and reducing it to 1.5); *Landsman & Funk, P.C.* v. *Skinder–Strauss Assocs.*, 2015 WL 2383358, at *8 (D.N.J. May 18, 2015) ("the proposed fee is about twice the lodestar fee, which is within the acceptable range and reasonable"); Fed. R. Civ. P. 23(h) (requiring that class action attorneys' fee awards be "reasonable").

2. Whether the district court violated Federal Rule of Civil Procedure 23(h) by failing to judicially supervise the allocation of its $2.8 million lump sum award to the multiple law firms serving as class counsel?

*See In re High Sulfur Content Gasoline Prods. Litig.*, 517 F.3d 220, 227–28 (5th Cir. 2008); *In re "Agent Orange" Prods. Liab. Litig.*, 818 F.2d 216, 223 (2d Cir. 1987).

Appellate Case: 15-3976    Page: 11    Date Filed: 02/22/2016 Entry ID: 4369484

## IV.   STATEMENT OF THE CASE

This case was brought quickly and settled quickly, without any significant litigation, as a result of the draconian statutory damages class counsel could threaten under the Telephone Consumer Protection Act, 47 U.S.C. §227 *et seq.* (TCPA), despite the lack of any actual harm to any person. *See Creative Montessori Learning Ctrs.* v. *Ashford Gear LLC*, 662 F.3d 913, 915 (7th Cir. 2011) (calling TCPA's penalties "draconian"). The minimum statutory penalty under the TCPA is $500 per text message; the maximum is $1500 per text. 47 U.S.C. §227(b)(3).

This case is about text messages that were sent inviting individuals to enter or renew fitness memberships with Life Time Fitness, Inc. Defendant Life Time is a Chanhassen, Minnesota–based company that opened its first fitness center in 1992 and now operates over 115 centers in 34 major markets, employing 24,600 people. App.358a. Roughly 90% of the texts at issue were sent over a single weekend, on March 30 and 31, 2014, as part of an impromptu end–of–month sales effort. *Id.* No texts were sent after 5:29 p.m. on March 31, except for replies to customers who responded to earlier texts, because Life Time's senior

Appellate Case: 15-3976   Page: 12   Date Filed: 02/22/2016 Entry ID: 4369484

executive and legal, information security, and technology managers learned of the marketing effort and shut it down. *Id.*

Within four weeks after the texts were sent, class counsel filed three putative class actions against Life Time under the TCPA, joining the nationwide rush by plaintiffs' firms to cash in on the statutory penalties the statute provides. *Id.* (According to statistics available online, TCPA litigation has swollen from just 14 suits filed in 2007 to 2,336 in 2014.) App.358a–59a. A fourth class action in this case was filed roughly two months after the others. App.359a.

Defendant Life Time never answered the complaints. Instead, it moved to transfer all related cases into an MDL and to stay the cases pending transfer. *Id.* (*In re: Life Time Fitness, Inc. Telephone Consumer Protection Act (TCPA) Litig.*, Master Docket Number 0:14–md–2564 ("JPML"), Dkt. 1; Petersen Dkt. 9; Salam Dkt. 15; Gould Dkt. 9). There was no contested litigation over the MDL motion because all plaintiffs consented to it. (JPML Dkt. 14, 17, 18, 19). On October 15, 2014, the JPML centralized all the actions in the District of Minnesota. App.11a– 13a.

– 5 –

By the time the district court held its first hearing in the MDL on December 3, 2014, the parties had settled the case through mediation and had signed a binding, written term sheet. App.359a. There had been no formal discovery, and no need for formal discovery, because Life Time voluntarily produced the relevant information to plaintiffs' counsel before the mediation, including a list of all text messages and dates sent, an exemplary copy of each different text message sent, and a description of the methodology and procedures Life Time employed to identify and secure the text messaging accounts involved. App.360a, 383a. In all, this amounted to approximately 400 pages of documents. *Id.*

In January 2015, plaintiffs served two interrogatories and nine document requests on Life Time to confirm the information underlying the settlement. *Id.* Life Time responded and produced an additional 350 pages of documents. App.360a, 384a. In February, plaintiffs conducted a 39–minute deposition of Life Time's designee regarding the identification of class members. *Id.*

The parties signed a full Settlement Agreement on February 25, 2015. App.360a. The settlement does not create any fund of money.

– 6 –

Instead, Life Time agreed to pay certain amounts and provide certain benefits, depending on the claims submitted. Specifically, Life Time agreed to pay: (1) costs of administration; (2) attorneys' fees and costs and class representative incentive awards as determined by the court; and (3) cash awards of $100 to each class member who submitted a valid claim and chose cash. *Id.* Life Time also agreed to provide membership awards to each class member who submitted a valid claim and chose that option. *Id.* Under the membership awards option, class members can pick either a $250 credit against a Life Time membership, or 3 months free membership at a Life Fitness Gold Club. *Id.* The membership awards do not require Life Time to pay anything out of pocket. *Id.*

Because of the way the settlement is structured, the more the district court awarded to class counsel in attorneys' fees, the less monetary benefit the class members received. App.361a. That is because the sum of all the out–of–pocket costs (costs of administration, attorneys' fees and costs, class representative awards, and cash awards) plus the value of the membership benefits must equal at least $10 million. *Id.* If the sum does not reach that level, the cash and membership awards will be

– 7 –

adjusted pro rata upward to meet that level. *Id.* Consequently, the lower the award of attorneys' fees, the more class members will receive. *Id.*

Plaintiffs moved unopposed for preliminary approval of the settlement on February 25, 2015. *Id.* The district court held a hearing on the motion for preliminary approval on March 5, 2015 and required the parties to make some revisions to the Class Notice. *Id.* On March 9, 2015, the Court granted preliminary approval of the class action settlement. App.31a–40a.

After preliminary approval, class counsel filed a motion seeking $4.2 million in fees and costs. App.41a. Life Time served discovery requests related to attorneys' fees and the parties litigated the fees discovery issues. Magistrate Judge Rau allowed a small part of the discovery (App.295a–307a), and the district judge affirmed the limitations over Life Time's objections (App.308a). Magistrate Judge Rau also assisted the parties in attempting to settle the fees issue, but the negotiations were unsuccessful. App.361a.

On June 5, 2015, appellant–objector Lindsey Thut filed an objection to the settlement objecting to the excessive attorneys' fees that class

Appellate Case: 15-3976   Page: 16   Date Filed: 02/22/2016 Entry ID: 4369484

counsel had requested. App.87a–294a. Thut's *pro se* objection, submitted with the assistance of counsel, asserted that anything above a lodestar multiple of two would represent an excessive attorneys' fee for class counsel in this case. App.90a.

Attached as Exhibit C to Thut's *pro se* objection was a copy of the expert report of University of Chicago Law School law and economics professor M. Todd Henderson. App.113a–294a. The report, which was not submitted as evidence but rather for the persuasive value of the directly relevant scholarly concepts expressed therein, explained how courts should go about mimicking the market to determine the proper, non–excessive fee enhancement for class counsel in TCPA litigation. App.131a. Henderson opined that when a market–mimicking approach is applied, as Federal Rule of Civil Procedure 23(h) requires in specifying that any fee be "reasonable," it matters not whether the lodestar or percentage of the benefit approach is employed. *Id.* Henderson also concluded, based on evidence made available to him concerning the law firms serving as class counsel in the earlier TCPA case in which his expert report was submitted, that a lodestar multiplier of less than two would be more than adequate to attract

highly competent class counsel in relatively straightforward TCPA cases. App.115a–23a, 137a.

Despite the short life of the case and lack of any contested litigation, in this case class counsel claim that they have spent an astonishing 1,444.70 hours working on the case at an average billing rate of $524.79 per hour, for a claimed lodestar of $758,163. App.362a. For point of comparison, Life Time's counsel defending the actions spent roughly half that many hours (782) and had an average billing rate that was more than 30% lower ($365.46), yielding a lodestar amount of $285,789.72 that is more than 60% lower than Class Counsel's claimed amount. App.384a.

On October 6, 2015, class counsel submitted an amended motion for attorneys' fees that requested a 30% share of the minimum guaranteed settlement fund of $10 million. App.309a. Before the district court determined what amount of attorneys' fees to award to class counsel, the parties and the district court recognized that the maximum actual total value of the settlement would be the $10 million minimum amount specified. App.489a. Class counsel's request for a $3 million fee represented a multiple of 3.91 times their claimed lodestar, yielding an

Appellate Case: 15-3976   Page: 18   Date Filed: 02/22/2016 Entry ID: 4369484

average hourly rate of $2,052.04 for every timekeeper — whether attorney or paralegal — who worked on the case. App.362a.

On November 17, 2015, the district court held a hearing on whether to approve the proposed settlement and the amount of attorneys' fees to award to class counsel. App.420a–87a. At the hearing, counsel for Life Time Fitness argued that class counsel's attorneys' fee should be determined using the lodestar method and that only a very modest multiplier should be applied. App.466a–81a.

The district court on December 1, 2015 — nine business days after the hearing (including the day after Thanksgiving) — issued an order approving the settlement (App.493a–500a) and a five–page order regarding the award of attorneys' fees (App.488a–92a) that rejected, without any detailed analysis, defendant Life Time Fitness's objections to the size of the attorneys' fee award that class counsel had requested.

Instead of awarding to class counsel 30% of the settlement valued at $10 million, the district court awarded 28%. App.492a. Consequently, $2.8 million of the settlement will go to class counsel as compensation, leaving far less than $7.2 million for the benefit of class members, because an additional $750,000 is being paid from the settlement for

administration. App.457a. As a result of the district court's attorneys' fee award, every single individual working at the law firms of class counsel who billed time to the case, whether partner, associate, or paralegal, is being compensated an hourly rate of $1,938.12, which represents a multiple of 3.7 times class counsel's average hourly billing rate on the case.

The district court's docket entries reflect the entry of final judgment in the case on both December 1 and December 2, 2015. App.501a–05a, 506a–10. On December 22, 2015, objector–appellant Lindsey Thut filed a timely notice of appeal to this Court. App.511a–13a. Her appeal exclusively challenges the attorneys' fee award that the district court approved, the reduction of which will increase the settlement proceeds available to her and her fellow class members. App.512a.

## V. SUMMARY OF THE ARGUMENT

In this case, class counsel were asking to be paid extravagantly for a case that involved no significant litigation, that had no social value, and that required nothing more from class counsel than to do what others had already done in hundreds of similar TCPA cases. Every dollar that

class counsel received was a dollar that was being taken from their own clients, yet they were demanding to be paid at a rate of more than $2,000 per hour for every single person in their firms who billed time to the case, whether partner, associate, or paralegal. The norm in TCPA class settlements is to award fees that are a small multiple of a reasonable lodestar, and this case, if anything, warranted an award below the norm because of how simple it was and how quickly it settled.

Unfortunately, the district court in this case — despite having received extensive and well–reasoned arguments from counsel for Life Time Fitness about why the attorneys' fees being requested by class counsel were clearly excessive (App.357a–81a) — nevertheless proceeded to award class counsel in attorneys' fees 28% of the $10 million settlement value, representing a multiple of 3.7 times class counsel's actual lodestar value. Although this amount was slightly less than what class counsel requested, the attorneys' fee that the district court awarded was still unfairly excessive and represented an abuse of discretion.

Unlike the Seventh Circuit, which stringently polices excessive attorneys' fee requests by counsel for plaintiffs in relatively

– 13 –

straightforward class actions such as this to the benefit of class members, this Court has not yet seized the opportunity to do so. This case, objector–appellant Lindsey Thut respectfully suggests, presents the proper vehicle in which to do so.

## VI. ARGUMENT

### A. The District Court Approved An Unfairly Excessive Attorneys' Fee Award In Favor Of Class Counsel In This Straightforward TCPA Case, To The Prejudice Of Class Members

#### 1. Standard of review

This Court reviews for abuse of discretion a district court's decisions regarding whether and how much to award as attorneys' fees in a class action. *See In re Genetically Modified Rice Litig.*, 764 F.3d 864, 871–72 (8th Cir. 2014).

– 14 –

## 2. The district court abused its discretion in failing to calculate class counsel's attorneys' fees based on their lodestar using a multiplier of no greater than two

### a. District courts should closely scrutinize fee requests in class actions because of the inherent conflict of interest between class counsel and their clients

Courts have increasingly recognized that when it comes time to award fees, there is an "acute conflict of interest between class counsel, whose pecuniary interest is in their fees, and class members, whose pecuniary interest is in the award to the class." *Pearson* v. *NBTY, Inc.*, 772 F.3d 778, 787 (7th Cir. 2014). Courts have therefore acknowledged that they have "an ethical obligation to treat the class fairly in mediating the inherent conflict of interest between class counsel and the class itself." Vaughn R. Walker & Ben Horwich, *The Ethical Imperative of A Lodestar Cross–Check: Judicial Misgivings About "Reasonable Percentage" Fees in Common Fund Cases*, 18 Geo. J. Legal Ethics 1453, 1468 (Fall 2005); *see also In re Dry Max Pampers Litig.*, 724 F.3d 713, 718 (6th Cir. 2013) (urging skepticism of attorneys' fee claims in class actions).

Not only are courts recognizing the need for judicial scrutiny of fee requests, but appellate courts are also enforcing the duty on appeal. In

several recent cases, a district court's order was reversed on appeal because it allowed excessive fee awards or failed to adequately analyze the fee request. *See Pearson*, 772 F.3d 778 (reversing approval of a class settlement in part because the attorneys' fees were excessive); *Redman* v. *RadioShack Corp.*, 768 F.3d 622 (7th Cir. 2014) (same); *Eubank* v. *Pella Corp.*, 753 F.3d 718 (7th Cir. 2014) (same); *In re Magsafe Apple Power Adapter Litig.*, 571 F. App'x 560 (9th Cir. 2014) (overturning approval of a class settlement in part because district court accepted class counsel's lodestar with little analysis); *In re Bluetooth Headset Products Liability Litig.*, 654 F.3d 935, 943–44 (9th Cir. 2011) (vacating and remanding settlement approval where there was an "absence of explicit calculation or explanation of the district court's result" in reaching the fee award).

Objector–appellant Lindsey Thut respectfully contends that the same outcome — vacating and remanding for a meaningful reduction of the excessive attorneys' fee award — should occur here. At a minimum, the district court's superficial analysis and rejection (App.388a–92a) of the extensive and well–supported objections to class counsel's attorneys' fee request that defendant Life Time Fitness presented to the district court

Appellate Case: 15-3976    Page: 24    Date Filed: 02/22/2016 Entry ID: 4369484

(App.357a–81a) necessitates a remand for a more probing and skeptical analysis of class counsel's fee petition under the circumstances of this case.

### b. Courts have been appropriately awarding only small multiples of a reasonable lodestar in TCPA cases

In TCPA cases, the very sort of justified scrutiny described above has led courts to award substantially lower fees than requested by class counsel, typically reducing them to only a small multiple of a reasonable lodestar.

The average multiple appears to hover around 2, with the most common multiples falling between 1 and 2.5 and only a few outliers beyond that. *See*, *e.g.*, *Americana Art China Co.* v. *Foxfire Printing & Packaging, Inc.*, 743 F.3d 243, 246 (7th Cir. 2014) (affirming the district court's decision to apply the lodestar method and use a multiplier of 1.5); *Landsman & Funk, P.C.* v. *Skinder–Strauss Assocs.*, 2015 WL 2383358, at *8 (D.N.J. May 18, 2015) ("the proposed fee is about twice the lodestar fee, which is within the acceptable range and reasonable"); *Bayat* v. *Bank of the West*, 2015 WL 1744342, at **8–9 (N.D. Cal. Apr. 15, 2015) (applying the lodestar method and finding the proposed

– 17 –

multiplier of 2.76 unjustified and reducing it to 1.5); *Grant* v. *Capital Mgmt. Servs., L.P.*, 2014 WL 888665, at \*7 (S.D. Cal. Mar. 5, 2014) (no lodestar multiplier requested or applied); *Michel* v. *WM Healthcare Solutions, Inc.*, 2014 WL 497031, at \*23 (S.D. Ohio Feb. 7, 2014) (reducing class counsel's requested multiplier of 4.3 to 1.8); *Vandervort* v. *Balboa Capital Corp.*, 8 F. Supp. 3d 1200, 1210 (C.D. Cal. 2014) (finding a multiplier of 2.52 within the acceptable range); *Bellows* v. *NCO Fin. Sys., Inc.*, 2009 WL 35468, at \*8 (S.D. Cal. Jan. 5, 2009) (multiplier of 1.793 appropriate).

The multiples in TCPA cases reflect three dynamics: (1) the simplicity of TCPA litigation; (2) the low risk of non–recovery; and (3) the lack of any social value that the cases deliver. This case exemplifies all of these concerns.

This litigation was about as simplistic as possible. Class counsel extracted a settlement that, while eliciting no objections on the merits, compromised the claims of class members for a small fraction of their actual value. App.378a–79a. And then, after claiming to have worked an astonishing 1,444.70 hours on the case at an average billing rate of $524.79 per hour, for a claimed lodestar of $758,163 (App.362a), class

– 18 –

counsel obtained from the district court an attorneys' fee award of $2.8 million (App.492a), representing nearly a 3.7 times multiple of class counsel's lodestar amount.

As explained above, the district court filings of counsel for Life Time Fitness demonstrated that class counsel's time worked and reported billing rates were both unreasonably high. App.371a–73a. But even accepting those inputs as correct, an award that compensates class counsel at 3.7 times their normal hourly rates in a case of this simplicity is outrageously excessive.

The district court's attorneys' fee award compensates every single individual working at the law firms of class counsel who billed time to the case, whether partner, associate, or paralegal, at an average hourly rate of $1,938.12. By contrast, if class counsel were compensated at the still generous amount of twice their lodestar rates, for a total attorneys' fee of more than $1.5 million, the class members would share nearly $1.3 million more in additional compensation as the result of the settlement.

Appellate Case: 15-3976    Page: 27    Date Filed: 02/22/2016 Entry ID: 4369484

### c. The district court's misapplication of the percentage of the benefit method in calculating attorneys' fees necessitates a remand for application of the lodestar method as commonly used in TCPA cases

Under Eighth Circuit law, the amount of attorneys' fees to award is "within the discretion of the district court." *Johnston* v. *Comerica Mortgage Corp.*, 83 F.3d 241, 246 (8th Cir. 1996). Given that this was a relatively straightforward TCPA case — indeed, this case resolved itself in the easiest way imaginable — the district court abused its discretion in failing to calculate class counsel's attorneys' fees using the lodestar method and a modest multiplier of no greater than two.

Courts typically choose between two methods, or some combination of those methods, to award attorney fees. The first method is the "lodestar" method, which multiplies the reasonable hours expended by a reasonable hourly rate to reach a total fee, and sometimes adjusts the total up or down based on certain factors. The second method is the "percentage of the benefit" method, which awards fees equal to some percentage of a common fund that the attorneys obtained in the litigation. *Johnston*, 83 F.3d at 244–45.

As demonstrated above, in TCPA cases courts commonly use the lodestar method in determining the amount of attorneys' fees to be

Appellate Case: 15-3976    Page: 28    Date Filed: 02/22/2016 Entry ID: 4369484

awarded to class counsel. Under the lodestar method, courts may apply a multiplier to either increase or decrease the base lodestar amount. *See In re Zurn*, 2013 WL 716460, at *4 (D. Minn. Feb. 27, 2013); *In re Xcel Energy*, 364 F. Supp. 2d 980, 999 (D. Minn. 2005) (noting that a lodestar multiplier "need not fall within any pre–defined range" and is left to the court's discretion); *see also Perdue* v. *Kenny A. ex rel. Winn*, 559 U.S. 542, 558–59 (2010) (discussing the importance of justifying an attorneys' fee enhancement above the lodestar in the context of federal civil rights claims).

Four factors influence that consideration: "(1) the number of hours spent by counsel; (2) counsel's 'reasonable hourly rate'; (3) the contingent nature of success; and (4) the quality of the attorneys' work." *In re UnitedHealth Grp. Inc. S'holder Derivative Litig.*, 631 F. Supp. 2d 1151, 1159 (D. Minn. 2009) (citing *Grunin* v. *Int'l House of Pancakes*, 513 F.2d 114, 127 (8th Cir.1975)). All of these factors weigh in favor of a small multiple here.

The first and second factors considered in setting a multiplier are the number of hours recorded and the claimed hourly rate. The higher the number of hours recorded relative to the work accomplished, and the

– 21 –

higher the blended rate, the lower the multiplier that is appropriate. *See Seigal* v. *Merrick*, 619 F.2d 160, 165 (2d Cir. 1980) (Friendly, J.); *Bridgeport Music, Inc.* v. *WB Music Corp.*, 520 F.3d 588, 596 (6th Cir. 2008).

The third factor considered in setting a multiplier is the amount of risk that class counsel incurred in pursuing the litigation. The low baseline for multipliers in TCPA cases reflects the low risk that these cases present. This case, if anything, presented even less risk than the baseline. The TCPA is a strict liability statute. A single text message results in recovery between $500 and $1,500. See 47 U.S.C. §227(b)(3). As a result, virtually every TCPA class action case settles. *See*, *e.g.*, *Rose* v. *Bank of Am. Corp.*, 2014 WL 4273358, at *12 (N.D. Cal. Aug. 29, 2014) (reducing requested attorneys' fee award and noting "because the TCPA has the potential of ruinous financial liability . . . defendants will almost always settle if there is any merit at all to the case"); *Bayat*, 2015 WL 1744342, at *9 (noting that there is less risk in a TCPA case "where the potential recovery of statutory damages is as large as it is here . . . due solely to the size of the class and damages fixed by statute").

Appellate Case: 15-3976    Page: 30    Date Filed: 02/22/2016 Entry ID: 4369484

It is a lucky day for a plaintiffs' firm when it finds a client with a call or text that supports a TCPA claim. That is why so many firms compete for the work, as illustrated by the four separate firms that rushed to file in this case. TCPA clients are better off with small multipliers that preserve more of the recoveries for them; plenty of lawyers will still jockey for the work.

The fourth factor is the quality of work performed. Class counsel did a fine job in this case, but the case did not demand particularly complex work, and it delivered no social benefit. This is not an environmental, products liability, antitrust, or civil rights class action where liability may be difficult to prove and there is real societal value to pursuing the claim. *See*, *e.g.*, *In re Genetically Modified Rice Litig.*, 764 F.3d at 873 (affirming district court's award of large attorneys' fee in part due to the "novel and complex issues of law" involved in lawsuit concerning contamination by makers of genetically modified rice); *In re Monosodium Glutamate Antitrust Litig.*, 2003 WL 297276, at *2 (D. Minn. 2003) (considering complex antitrust issues and highly uncooperative foreign defendants in awarding a substantial attorneys' fee). Thus, the fourth factor does not support a multiplier as high as the

Appellate Case: 15-3976    Page: 31    Date Filed: 02/22/2016 Entry ID: 4369484

one that is reflected in the district court's award of attorneys' fees in this case.

When all of the relevant factors are considered, the district court's use of a 3.7 multiplier of class counsel's already high lodestar rates can only be regarded as clearly excessive and thus constituted an abuse of discretion. This Court should therefore vacate the district court's overly generous award of class counsel fees and remand for reconsideration with instructions to authorize a far more modest and reasonable fee.

### d. Even if the district court permissibly opted to use the percentage of the benefit method for calculating attorneys' fees, the excessive attorneys' fee award in this case constitutes an abuse of discretion

In recent TCPA cases, courts have commonly awarded a percentage of 20% or less to class counsel. *See Bayat*, 2015 WL 1744342, at *10 & n.10 (opting for the lodestar method but awarding the equivalent of 13.5% of the over $3.3 million settlement fund); *Rose*, 2014 WL 4273358, at *5, *13 (choosing the lodestar method and awarding a fee that constituted about 7.5% of the over $32 million fund); *Michel*, 2014 WL 497031, at *23 (awarding 15% of the $4.3 million settlement fund); *Wilkins* v. *HSBC Bank Nev., N.A.*, 2015 WL 890566, at *12 (N.D. Ill.

– 24 –

Feb. 27, 2015) (awarding 23.75% of the almost $40 million fund); *Arthur*

v. *Sallie Mae, Inc.*, 2012 WL 4076119, at *2 (W.D. Wash. Sept. 17, 2012)

(awarding 20% of the about $24 million fund).

In this circuit, courts consider the *Johnson* factors in determining

what percentage to award. *See In re Xcel Energy*, 364 F. Supp. 2d at 993

(citing *Johnson* v. *Ga. Highway Express, Inc.*, 488 F.2d 714, 719–20 (5th

Cir. 1974)); *Yarrington* v. *Solvay Pharms., Inc.*, 697 F. Supp. 2d 1057,

1061–62 (D. Minn. 2010). Those factors, which largely overlap with the

lodestar multiplier factors discussed above, show that this case belongs

on the low end of the TCPA percentages.

First, the awards payable to class members under the settlement are

comparable to the awards in other TCPA cases challenging text

messages sent for marketing purposes. App.378a.

Second, class counsel took on only limited risk in pursuing this case,

as explained above.

Third, the legal issues in this case were no more complex than in

other TCPA litigation, and the factual record was simple and

straightforward. *See Michel*, 2014 WL 497031, at *17 (analyzing factors

– 25 –

for a percentage of fund award and noting that the TCPA litigation was "not complex").

Fourth, the skill required to litigate this case was no different from other TCPA cases. *See Bayat*, 2015 WL 1744342, at *9 (noting that less effort is required by class counsel to broker a settlement where statutory damages are so high).

Fifth, a low percentage is required to avoid giving class counsel a windfall compared to the time and effort they actually invested in the case, as discussed above.

Sixth, the only objection that class counsel was required to confront resulted from class counsel's willful decision to seek an unfairly excessive attorneys' fee award from the settlement that this litigation produced.

The lodestar calculation is appropriately used as a cross–check on the reasonableness of an attorneys' fee award calculated under the percentage of the benefit approach. *See Petrovic*, 200 F.3d at 1157; *Yarrington*, 697 F. Supp. 2d at 1065; *Zilhaver* v. *UnitedHealth Grp., Inc.*, 646 F. Supp. 2d 1075, 1084 (D. Minn. 2009); *In re Xcel Energy*, 364 F. Supp. 2d at 1002. For the reasons discussed in the preceding

– 26 –

subsection of this brief, the lodestar method compels the award of a much smaller amount of fees than the district court awarded here.

In this case, regrettably, the district court's order awarding attorneys' fees to class counsel provides no indication or assurance that the district court performed any lodestar cross–check. App.488a–92a. This oversight further supports the conclusion that the district court's attorneys' fee award should be vacated and remanded. That is especially so given the excessive nature of the lodestar multiple that the cross–check produces — a multiple far out of line with recent TCPA class action attorneys' fee awards in other cases, which the district court in this case appears not to have calculated or taken into consideration in deciding the amount of attorneys' fees to award.

### e. Costs of administering the settlement should have been deducted from the total recovery achieved before the district court calculated its percentage of the benefit fee award

Life Time Fitness correctly argued (App.377a) in opposing class counsel's excessive attorneys' fee request that the Seventh Circuit has held that costs of administration should be excluded from the gross amount of recovery against which the percentage of the benefit is

– 27 –

calculated. *See Redman* v. *RadioShack Corp.*, 768 F.3d 622, 630 (7th Cir. 2014). As the Seventh Circuit explained in *Redman*, "[administrative] costs are part of the settlement but not part of the value received from the settlement by the members of the class. The costs therefore shed no light on the fairness of the division of the settlement pie between class counsel and class members." *Id.*

Here, the record confirms that of the $10 million total settlement value, $750,000 has been allocated to pay for administration of the settlement. App.457a. Because the district court did not deduct the costs of $750,000 from the total settlement value before applying the 28% attorneys' fee award (App.491a), class counsel is obtaining an additional $210,000 in compensation that should have instead benefitted class members. That overpayment of attorneys' fees is reflected in the difference between the $2.8 million fee award that the district court allowed and 28% of $9.25 million, which produces an attorneys' fee award of $2,590,000. The district court's attorneys' fee order did not expressly address this argument, which was expressly asserted in Life Time Fitness's objection to the excessive size of class counsel's attorneys' fee request. This too necessitates a remand.

## B. The District Court Violated Fed. R. Civ. P. 23(h) In Delegating Allocation Of The Lump Sum Fee Award Amongst The Four Law Firms Serving As Class Counsel

### 1. Standard of review

Because this issue involves construing the meaning of a Federal Rule of Civil Procedure, this Court's review is plenary. *See Flynt* v. *Lombardi*, 782 F.3d 963, 966 (8th Cir. 2015).

### 2. Rule 23(h) requires a district court to judicially supervise the allocation of a lump sum attorneys' fee award to multiple law firms serving as class counsel

In this case, four law firms will share in the $2.8 million lump sum award to class counsel. However, the details of how those fees are to be divided is nowhere to be found in the district court record. Objector–appellant Lindsey Thut raised this issue as the fourth ground for her attorneys' fee objection in her written submission to the district court (App.90a), but the district court did not explicitly address this issue in its attorneys' fee order (App.488a–92a).

Rule 23(h) authorizes the Court to award "reasonable" attorneys' fees only when notice of the fee request is "directed to class members in a reasonable manner." Fed. R. Civ. P. 23(h) & 23(h)(1). "Because members

– 29 –

of the class have an interest in the arrangements for payment of class counsel whether that payment comes from the class fund or is made directly by another party, notice is required in all instances." Notes of Advisory Committee on 2003 Amendments to Rule 23. "Active judicial involvement in measuring fee awards is singularly important to the proper operation of the class–action process." *Id.* And Rule 23(e)(3) requires that "The parties seeking approval must file a statement identifying any agreement made in connection with the proposal." Fed. R. Civ. P. 23(e)(3).

It is not sufficient that class members are able to make "generalized arguments about the size of the total fee"; the notice must enable them to determine which attorneys seek what fees for what work. *In re Mercury Interactive Corp. Secs. Litig.*, 618 F.3d 988, 994 (9th Cir. 2010). The fee request in this case lacks basic information; it fails to provide even the bare bones of who seeks what, instead providing for lump sum for class counsel to distribute amongst themselves. (App.309a–38a). This extra–judicial division of the district court's attorneys' fee award violates Rule 23(h)'s policy of "ensur[ing] that the district court, acting as a fiduciary for the class, is presented with adequate, and adequately–

Appellate Case: 15-3976     Page: 38     Date Filed: 02/22/2016 Entry ID: 4369484

tested, information to evaluate the reasonableness of a proposed fee." *Id.*

As the Fifth Circuit has noted: "In a class action settlement, the district court has an independent duty under Federal Rule of Civil Procedure 23 to the class and the public to ensure that attorneys' fees are reasonable and divided up fairly among plaintiffs' counsel." *In re High Sulfur Content Gasoline Prods. Litig.*, 517 F.3d 220, 227 (5th Cir. 2008). The district court "must not . . . delegate that duty to the parties." *Id.* at 228 (internal quotation omitted).

The Fifth Circuit court also held that it was impermissible for the district court to defer to the allocation proposed by the attorneys themselves:

> It is likely that lead counsel may be in a better position than the court to evaluate the contributions of all counsel seeking recovery of fees. But our precedents do not permit courts simply to defer to a fee allocation proposed by a select committee of attorneys, in no small part, because "counsel have inherent conflicts." As Judge Ambro noted, "They make recommendations on their own fees and thus have a financial interest in the outcome. How much deference is due the fox who recommends how to divvy up the chickens?"

*Id.* at 234–35 (quoting *In re Diet Drugs Prods. Liab. Litig.*, 401 F.3d 143, 173 (3d Cir. 2005)).

Appellate Case: 15-3976     Page: 39     Date Filed: 02/22/2016  Entry ID: 4369484

In a case predating Rule 23(h), the Second Circuit similarly "reject[ed] this authority . . . to the extent it allows counsel to divide the award among themselves in any manner they deem satisfactory under a private fee sharing agreement." *In re "Agent Orange" Prods. Liab. Litig.*, 818 F.2d 216, 223 (2d Cir. 1987). "Such a division overlooks the district court's role as protector of class interests under Fed. R. Civ. P. 23(e) and its role of assuring reasonableness in awarding of fees in equitable fund cases." *Id.* The Second Circuit held that "in all future class actions counsel must inform the court of the existence of a fee sharing agreement at the time it is formulated." *Id.* at 226.

For these reasons, the failure of the district court in this case to supervise the division of fees amongst the four law firms serving as class counsel violated Rule 23(h), by depriving the district court of information necessary to determine whether the fee award as to each of those law firms actually was fair and reasonable. This too requires that the district court's attorneys' fee award be vacated and remanded.

Appellate Case: 15-3976   Page: 40   Date Filed: 02/22/2016 Entry ID: 4369484

## VII. CONCLUSION

For the foregoing reasons, this Court should hold that the district court's award of $2.8 million in attorneys' fees in this simple and straightforward case, which settled almost at its very beginning, constituted an abuse of discretion, necessitating a remand for the award of a far more modest and reasonable fee. And the district court's refusal to supervise the allocation of that attorneys' fee award amongst the four law firms serving as class counsel violated Federal Rule of Civil Procedure 23(h) and likewise necessitates that the district court's attorneys' fee award be vacated and remanded.

Respectfully submitted,

Dated: February 18, 2016

/s/ *Howard J. Bashman*
Christopher A. Bandas
BANDAS LAW FIRM, P.C.
500 North Shoreline, Suite 1020
Corpus Christi, TX 78401
(361) 698–5200

Howard J. Bashman
2300 Computer Avenue
Suite G–22
Willow Grove, PA 19090
(215) 830–1458

Counsel for Objector/Appellant
Lindsey Thut

– 33 –

## CERTIFICATION OF COMPLIANCE WITH PAGE LIMITATION, TYPEFACE REQUIREMENTS, AND TYPE STYLE REQUIREMENTS

This brief complies with the type–volume limitations of Fed. R. App. P. 32(a)(7)(B) because this brief contains 6,558 words excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this brief has been prepared in a proportionally spaced typeface using Microsoft Word 2007 in 14–point Century Schoolbook font.

Dated: February 18, 2016    /s/ *Howard J. Bashman*
Howard J. Bashman

## ANTI–VIRUS CERTIFICATION

In accordance with Eighth Circuit Local Rule 28A(h)(2), I hereby certify that the Brief for Appellant and the Addendum thereto have been scanned for viruses and are virus–free.

Dated: February 18, 2016          /s/ *Howard J. Bashman*
                                   Howard J. Bashman

**CERTIFICATE OF SERVICE**

I hereby certify that all counsel listed immediately below on this Certificate of Service are Filing Users of the Eighth Circuit's CM/ECF system, and this document is being served electronically on them by the Notice of Docket Activity:

Christopher A. Bandas
David T. Butsch
Katrina Carroll
Erin L. Hoffman
John Gordon Rudd, Jr.
Aaron D. Van Oort
Shawn J. Wanta

Dated: February 18, 2016                    /s/ *Howard J. Bashman*
                                            Howard J. Bashman